Matter of Lefkowitz (2018 NY Slip Op 05164)





Matter of Lefkowitz


2018 NY Slip Op 05164


Decided on July 11, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SANDRA L. SGROI, JJ.


2016-07364

[*1]In the Matter of Jon A. Lefkowitz, admitted as Jon Ari Lefkowitz, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Jon A. Lefkowitz, respondent. (Attorney Registration No. 2577534)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 5, 1994, under the name Jon Ari Lefkowitz. By decision and order on motion of this Court dated March 23, 2017, inter alia, the respondent was immediately suspended pursuant to Judiciary Law § 90(4)(f) based on his conviction of a serious crime. By decision and order on motion of this Court dated July 19, 2017, the respondent was directed to show cause at a hearing, pursuant to 22 NYCRR 1240.12(c)(2)(i) and (iv), before the Honorable Charles J. Thomas, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime. By decision and order of this Court dated March 15, 2018, the respondent's motion to vacate the suspension imposed pursuant to Judiciary Law § 90(4)(f) was denied.



Diana Maxfield Kearse, Brooklyn, NY, for petitioner.
Jon A. Lefkowitz, Brooklyn, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
On May 11, 2016, the respondent pleaded guilty before the Honorable Thomas J. Miller, in the County Court, Onondaga County, to criminal facilitation in the fourth degree, in violation of Penal Law § 115.00(1), a class A misdemeanor. On May 12, 2017, the respondent was sentenced to a one-year conditional discharge, and directed to pay a $175 surcharge, a $50 DNA fee, and a $25 crime victims assessment fee. On the same day, he was issued a certificate of relief from disabilities.
By way of background, under Onondaga County Indictment No. 2015-0991-1, 2, the respondent was charged with the following crimes: forgery in the second degree (4 counts) in violation of Penal Law § 170.10(1), a class D felony; tampering with a witness in the fourth degree (10 counts) in violation of Penal Law § 215.10(a) and (b), a class A misdemeanor; criminal impersonation in the second degree (2 counts) in violation of Penal Law § 190.25(1), a class A misdemeanor; and conspiracy in the sixth degree in violation of Penal Law § 105.00, a class B misdemeanor. Pursuant to a plea and cooperation agreement, the respondent pleaded guilty to criminal facilitation in the fourth degree in satisfaction of all the above charges.
At his plea allocution, the respondent admitted that:
"on or about November 22, 2013 believing it probable that [I was] rendering aid to an Alexander March, who intended to commit a crime in Onondaga County, that [I] engaged in conduct which provided Alexander March with means and opportunity through the commission thereof and which in fact aided Alexander March to commit the felony of forgery in the second degree, in violation of Penal Law Section 170.10, Subdivision 1, to wit, with knowledge that it would be served, [I] drafted a judicial subpoena that purported to be witnessed by a Supreme Court judge that ordered a witness to answer a written questionnaire under oath and under penalty of contempt in regards to the matter of the People of the State of New York v. Sima March and Alexander March."
At sentencing, the Assistant Attorney General prefaced his agreement with a one-year conditional discharge with the following remarks:
"It is known that Alex March was the mastermind behind the entire tampering and forgery, and that it was—Mr. Lefkowitz's role was that he facilitated Mr. March in helping him try to evade extradition by creating these judicial subpoenas. And we know Mr. Lefkowitz didn't have anything to do with the — he wasn't the one making the phone calls. That was Mr. March. But Mr. Lefkowitz did aid Mr. March in ultimately achieving his goal of attempting to evade extradition."
The facts and circumstances surrounding the judicial subpoena were as follows: the respondent, at the request of his cousin, Alexander March, prepared a judicial subpoena duces tecum, directed to a witness, Jacqueline Watkins, in a criminal proceeding entitled, People v March , Index No. 2011-0593, Onondaga County, County Court. The testimony of Jacqueline Watkins was sought for the purpose of challenging the version of the facts presented by the Attorney General of the State of New York. The subpoena stated as follows: "WE COMMAND YOU, that all business and excuses being laid aside, answer the attached questionnaire, under oath, and return it to the Law Office of Jon Ari Lefkowitz PC, on or before the 10th day of January 2014." The subpoena further stated: "Failure to comply with subpoena is punishable as contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed fifty dollars and all damages sustained by reason of your failure to comply." Immediately below this paragraph the subpoena stated: "WITNESS, Honorable Donald A. Greenwood, one of the judges of said Court at Syracuse, New York on the 15th day of Nov, 2013." Neither Judge Greenwood nor the respondent signed the subpoena, although a signature line was provided. The respondent's address and phone number was typed below the signature line. The subpoena identified the respondent as the attorney for Alexander March's spouse, Sima March, despite the fact that the respondent had never entered an appearance on her behalf.
At the conclusion of the hearing, the Special Referee found that the respondent is "fully remorseful and clearly understands that he faces further sanctions and is resolute not to repeat his mistakes."
The respondent was previously issued an admonition on January 11, 2008, for failing to pay a sanctions order in the amount of $5,000 issued against him.
The Grievance Committee moves to confirm the report of the Special Referee and for the imposition of such discipline as this Court deems just and proper. The respondent does not oppose the motion to confirm. However, he asks that the Court impose a sanction no greater than a public censure. In seeking a public censure, the respondent asks that the following mitigating factors be considered: he harbored no intent to deceive; he acted in good faith by using a form that he had used in the past without a problem; he was merely attempting to help a relative; he did not act for financial gain; he made a mistake, which he vows never to repeat again; and he has an excellent reputation and is known as attorney who cares deeply about his clients. In the event that the Court imposes a suspension, the respondent asks that he be credited with the time elapsed under the order of immediate suspension.
Notwithstanding the above mitigation, the respondent's conduct on its face created a deception. Not only had Judge Greenwood not signed the subpoena, but the respondent had not entered an appearance on behalf of his cousin or his cousin's wife. Yet, the respondent interjected himself into a criminal proceeding by providing the subpoena to his cousin for the purpose of [*2]evading extradition. The conclusion that the respondent's conduct constituted a knowing, direct, and intentional interference in the judicial process is inescapable as he admittedly attempted to assist his cousin in evading extradition. The respondent's conduct cannot be condoned or treated lightly simply because he mistakenly employed a means that he knows now is incorrect, or because, as he testified, he believed he was attempting to elicit truthful testimony from the witness.
Under the totality of the circumstances, we conclude that a suspension from the practice of law for two years is warranted, with credit for the time elapsed under the decision and order of this Court dated March 23, 2017.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and SGROI, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Jon A. Lefkowitz, admitted as Jon Ari Lefkowitz, is suspended from the practice of law for a period of two years, with credit for the time elapsed under the decision and order of this Court dated March 23, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 23, 2018. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Jon A. Lefkowitz, admitted as Jon Ari Lefkowitz, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jon A. Lefkowitz, admitted as Jon Ari Lefkowitz, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jon A. Lefkowitz, admitted as Jon Ari Lefkowitz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court